EVANDER, J.,
concurring specially.
The record reflects the prosecutor made several improper statements in her closing argument. The prosecutor’s repeated suggestions that defense counsel had “continued” the alleged victim’s embarrassment, discomfort, and humiliation by challenging her credibility was particularly egregious. These remarks constituted a personal attack on opposing counsel and were clearly improper. See Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998); Jenkins v. State, 568 So.2d 791 (Fla. 1st DCA 1990).
Because defense counsel failed to object, the issue is whether the prosecutor’s improper argument constituted fundamental error. Kilgore v. State, 688 So.2d 895, 898 (Fla.1996). The Florida Supreme Court has defined fundamental error in closing argument as being error that “reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Id. Based on the facts of this case, I cannot find fundamental error. I do conclude, however, that the prosecutor needs to be reminded of her duty to refrain from inflammatory argument so that the cause may be decided according to the evidence and the law. Palazon, 711 So.2d at 1178-79 (Blue, J., concurring).